Neil Pedersen, SBN 139262
Dan E. Heck, SBN 210383
**PEDERSEN LAW & DISPUTE RESOLUTION CORP.**
A Professional Law Corporation
17910 Skypark Circle, Ste. 105
Irvine, California 92614
Phone:      (949) 260-1181
Facsimile: (949) 260-1185

Attorneys for Defendant Top Gun Distribution Services, Inc.

FILED
CLERK, U.S. DISTRICT COURT
JAN - 5 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

Courtesy Copy

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAN-INTERNATIONAL ELECTRONICS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MARATHON GLOBAL LOGISTICS, INC., an Arkansas limited liability company; TOP GUN DISTRIBUTION SERVICES, INC., a California corporation; and DOES 1 THROUGH 10, inclusive,<br><br>                    Defendants. | Case No.: CV08-01067 R JTLx<br><br>Assigned For All Purposes To:<br>The Honorable Judge Manuel L. Real<br>Courtroom 8<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANT TOP GUN DISTRIBUTION SERVICES**<br><br>Date:  January 5, 2009<br>Time:  10:00 a.m.<br>Courtroom:  8<br><br>Action Filed: February 15, 2008<br>Trial Date: February 24, 2009 |

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS—1**

Pursuant to Local Rule 56-1, defendant Top Gun submits its separate Statement of Uncontroverted Facts in support of its motion for partial summary judgment.

## STATEMENT OF UNCONTROVERTED FACTS

The following are the material facts as to which Top Gun contends there is no genuine issue:

### Defendant Top Gun is Entitled to Partial Summary Judgment on Plaintiff's Claim for Negligence Because Plaintiff Lacks Sufficient Evidence to Carry Its Ultimate Burden at Trial

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 1 | Plaintiff Pan-International Electronics, Inc. sued Top Gun Distribution Services, Inc. for "Negligence" (hereinafter "the Negligence Claim.") | Exh. 2, pp. 9-10[1], ¶¶ 18-20. |

---

[1]  The evidence is submitted in a separately bound appendix and is divided by tabs 1 through 8. From this point forward in the Separate Statement, each citation to the evidence shall contain the relevant Exhibit number followed by a page reference and, if applicable, line numbers or paragraphs, e.g., "Exh. 1, p. 3, ¶ 5." For the Court's convenience, all pages of the evidence are consecutively paginated MSJ001 through MSJ0080. These are the page numbers Top Gun is referencing in the right-hand column of this separate statement. The Court should therefore ignore all other page numbers appearing on the documentary evidence.

SEPARATE STATEMENT OF UNCONTROVERTED FACTS—2

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | 2 | In support of the Negligence Claim, plaintiff alleges Top Gun "so negligently breached its duties as a common carrier, handler, bailee, warehouseman, and/or agent or other capacities with respect to the Cargo loaded at Yantian, China." | Exh. 2, p. 10, ¶ 19. |
| 8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | 3 | On July 22, 2008, Top Gun served on plaintiff Interrogatory Number 1 that asked: "Please state every fact upon which you base your allegation in Paragraph 19 of your complaint that Top Gun Distribution Services "breached its duties as a common carrier, handler, bailee, warehouseman, and/or agent or other capacities with respect to the Cargo loaded at Yantian, China." | • Exh. 3, p. 22, lines 8-13<br>• Exh. 3, p. 25. |
| 19<br>20<br>21<br>22<br>23<br>24<br>25 | 4 | Plaintiff's response to Interrogatory Number 1 states, "While it appears that Defendant TOP GUN may have taken efforts to secure its business premises after normal business hours by employing numerous security measures, including security guards, an | Exh. 4, p. 31, line 22 to p. 32, line 7. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS - 3

alarm system with laser beams and locked gates, Defendant TOP GUN did not have adequate security measures in place to reasonably secure its premises, and the Plaintiff's containers, during normal business hours.  By TOP GUN's own admission, the ocean containers containing digital photo frames where [sic] each stolen in less than 30 seconds during normal business hours evidences the lack of adequate and reasonable security measures in place to prevent the reasonably foreseeable theft of Plaintiff's valuable merchandise from Defendant's open yard.  As such, TOP GUN's acts and omissions fell below the applicable standard of care that existed on November 29, 2007.  Discovery is still continuing and responding party reserves the right to amend and/or supplement this response once additional information, if any, is ascertained."

SEPARATE STATEMENT OF UNCONTROVERTED FACTS—4

| # | | |
|---|---|---|
| 5 | On July 22, 2007, Top Gun served on plaintiff Interrogatory Number 2 that asked, "Please state the full name of every witness upon which you base your allegation in Paragraph 19 of your complaint that Top Gun Distribution Services "breached its duties as a common carrier, handler, bailee, warehouseman, and/or agent or other capacities with respect to the Cargo loaded at Yantian, China." | • Exh. 3, p. 22, lines 14-19<br>• Exh. 3, p. 25. |
| 6 | Plaintiff's response to Interrogatory Number 2 identifies six separate witnesses who may support its allegation. | Exh. 4, p. 32, line 19 to p. 33, line 3. |
| 7 | On July 22, 2007, Top Gun served Request for Admission Number 4 that asked plaintiff to admit that "Top Gun Distribution Services did not owe you any duty on November 29, 2007 with respect to the handling of the ocean containers containing the digital photo frames." | • Exh. 5, p. 43, ¶ 4<br>• Exh. 5, p. 45. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS—5

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | 8 | Plaintiff denied Top Gun's Request for Admission Number 4. | Exh. 6, p. 53, line 3. |
| 4<br>5<br>6<br>7<br>8<br>9 | 9 | On July 22, 2007, Top Gun served on plaintiff Interrogatory Number 8 that asked, "If your response to Request for Admission number 4 was anything other than an unqualified admission, please state every fact upon which you base your denial." | • Exh. 3, p. 23, lines 17-20<br>• Exh. 3, p. 25. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 10 | Plaintiff's response to Interrogatory Number 8 states, "Defendant TOP GUN became duty-bound to Plaintiff when Plaintiff's agent contracted Defendant TOP GUN to, among other things, receive, warehouse, de-van, palletize, shrink-wrap and load Plaintiff's ocean containers containing digital photo frames. Discovery is still continuing and responding party reserves the right to amend and/or supplement this response once additional information, if any, is ascertained." | Exh. 4, p. 35, line 25 to p. 36, line 2. |

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | 11 | On July 22, 2007, Top Gun served Request for Admission Number 5 asking plaintiff to admit that "Top Gun Distribution Services' handling of the ocean containers containing the digital photo frames did not fall below the applicable standard of care that existed for Top Gun Distribution Services on November 29, 2007." | • Exh. 5, p. 44, ¶ 5<br>• Exh. 5, p. 45. |
| 11<br>12 | 12 | Plaintiff denied Request for Admission Number 5. | Exh. 6, p. 53, line 18. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19 | 13 | On July 22, 2007, Top Gun served on plaintiff Interrogatory Number 9 that asked, "If your response to Request for Admission number 5 is anything other than an unqualified admission, please state every fact upon which you base your denial." | • Exh. 3, p. 23, lines 21-23<br>• Exh. 3, p. 25. |
| 20<br>21<br>22<br>23<br>24<br>25 | 14 | Plaintiff's response to Interrogatory Number 9 states, "While it appears that Defendant TOP GUN may have taken efforts to secure its business premises after normal business hours by employing numerous security | Exh. 4, p. 36, lines 11-24. |

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS—7**

measures, including security guards, an alarm system with laser beams and locked gates, Defendant TOP GUN did not have adequate security measures in place to reasonably secure its premises, and the Plaintiff's containers, during normal business hours. By TOP GUN's own admission, the ocean containers containing digital photo frames where [sic] each stolen in less than 30 seconds during normal business hours evidences the lack of adequate and reasonable security measures in place to prevent the reasonably foreseeable theft of Plaintiff's valuable merchandise from Defendant's open yard. As such, TOP GUN's acts and omissions fell below the applicable standard of care that existed on November 29, 2007. Discovery is still continuing and responding party reserves the right to amend and/or supplement this response once additional information, if any,

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS—8**

| | | |
|---|---|---|
| | is ascertained." | |
| 15 | On July 22, 2007, Top Gun served on plaintiff a Request for Production of Documents Number 2 asking plaintiff to produce "Every writing upon which you base your allegation in Paragraph 19 of your complaint that Top Gun Distribution Services "breached its duties as a common carrier, handler, bailee, warehouseman, and/or agent or other capacities with respect to the Cargo loaded at Yantian, China." | Exh. 7, p. 60, ¶ 2. |
| 16 | Plaintiff's response to Request for Production of Documents Number 2 states, "As part of its initial disclosures in this matter, Responding Party has already provided this Propounding Party with the documentation requested. In addition, Responding Party identifies those documents within the possession, custody and control of the Propounding Party. Responding Party further identifies the Declaration of Richard | Exh. 8, p. 71, lines 4-11. |

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS—9**

1 | Ethridge filed in this matter."

Dated: December 8, 2008

Pedersen Law & Dispute
Resolution Corporation
A Professional Law Corporation

*Filed Electronically*

By:_____
Neil Pedersen
Dan E. Heck
Attorneys for Defendant Top Gun
Distribution Services, Inc.

*[Handwritten annotation:]* Read and adopted as supported by evidence that would be admissible at trial

*[Signature]*

Jan. 5, 2009

U.S.D.J.

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS—10**